**William LAHTINEN, also known as August Wilhelm Lahtinen, Plaintiff,**

v.

**P. A. ESPERDY, District Director of the Immigration and Naturalization Service at the Port of New York, Defendant.**

United States District Court
S. D. New York.
Dec. 8, 1961.

Ira Gollobin, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, New York City, for defendant; Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel.

FEINBERG, District Judge.

This is a motion by defendant for an order pursuant to Section 5(b) of Public Law No. 87–301 ("Section 5(b)"), 75 Stat. 650, 87th Cong., 1st Sess. (September 26, 1961), 8 U.S.C.A. § 1105a note, transferring this case to the United States Court of Appeals for the Second Circuit. The motion is not opposed by plaintiff. Plaintiff's underlying action seeks judicial review of a final order of deportation entered against him.

Section 5(a) of Public Law 87–301, 8 U.S.C.A. § 1105a, changes the method of judicial review of deportation orders so that the proper court for review in the first instance is generally the appropriate Court of Appeals rather than a District Court. By the terms of Section 5(b), the revised procedure took effect on the thirtieth day after approval of the bill. The bill became law on September 26, 1961, and the judicial review provisions, accordingly, were effective when defendant brought his motion, dated November 7, 1961, and returnable on November 14, 1961. Section 5(b) provides that

"Any judicial proceeding to review an order of deportation which is pending unheard in any district court of the United States on the effective date of this section (other than a habeas corpus or criminal proceeding in which the validity of the deportation order has been challenged) shall be transferred for determination in accordance with this section to the court of appeals having jurisdiction to entertain a petition for review under this section."

It appears that the within proceeding falls within the statutory definition. Although a preliminary injunction is in effect[1], I believe the case is "pending un-

---

1. Plaintiff, in August 1960, moved for a preliminary injunction restraining defendant from taking plaintiff into custody and

from seeking to enforce the deportation order pending determination of the issues in plaintiff's underlying action. Plaintiff

heard" within the meaning of the statute in that it is unheard on the merits. Accordingly, defendant's motion is granted.

Settle order on notice.

brought on the motion by an order to show cause, dated August 10, 1960, which contained a temporary restraining order. On the call of the motion calendar, de-

fendant consented to the injunction and on September 14, 1960, an order of this Court enjoining defendant was signed. The injunction has since been in effect.